UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNY JOSE TORO MORILLO,

      Petitioner,

v.

      Case No. 3:26-cv-1884-MMH-SJH

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

      Respondents.

---

### **ORDER**

Petitioner Danny Jose Toro Morillo, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on July 24, 2026. See generally Petition. Morillo, a citizen of Venezuela, was paroled into the United States on July 11, 2024. Doc. 6-1 (Encounter Report) at 1–2. In June 2026, United States Immigration and Customs Enforcement (ICE) detained Morillo.[1] Id. The crux of Morillo's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Petition at 7. As relief, he seeks, inter alia, immediate release or a bond hearing. Id. at 8.

---

[1] While Petitioner states that ICE detained him on June 11, 2026, see Petition at 5, records that the Federal Respondents attach to their response reflect that ICE detained him on June 7, 2026, see Encounter Report at 2.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, 175 F.4th 1258, 1276 (11th Cir. 2026). Although <u>Hernandez Alvarez</u> did not directly address the circumstance of a petitioner, like Morillo, who is detained at or near the border, paroled into the United States, and is re-detained over a year later, its reasoning also applies to this case. Morillo was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. <u>See</u> <u>id.</u> at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1.    Morillo's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Morillo an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.

---

[2] Because the Court finds that Morillo is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. <u>See</u> <u>Banks v. Dretke</u>, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

If Respondents release Morillo, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record
Danny Jose Toro Morillo

3